# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-1005V
### Filed: December 7, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SARAH WILLIAMSON,

                   Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                   Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNPUBLISHED**

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs; Reasonable Amount Requested to which Respondent Does Not Object.

Danielle A. Strait, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.
Julia W. McInerny, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On December 19, 2013, Sarah Williamson ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that the administration of an influenza ("flu") vaccine on October 24, 2012 caused her to suffer from Guillain-Barré Syndrome ("GBS"). Petition ("Pet.") at 1-3. On September 25, 2015, the undersigned issued a decision awarding compensation to Petitioner. Decision, ECF No. 38.

On December 7, 2015, Petitioner filed a Stipulation for Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $18,002.71 in attorneys' fees and costs. In accordance with General Order #9, Petitioner stated that she has not incurred any costs in pursuit of this claim. Declaration, ECF No. 43.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $18,002.71, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Danielle A.**

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

**Strait, of Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.